MARY LINDA LUSK *vs.* DEPARTMENT OF PUBLIC WELFARE (and a companion case[1]). July 14, 1980. Based upon the materials presented to the judge and appearing in the record now before this court, we conclude that the defendant was not entitled to entry of summary judgment. Mass.R. Civ.P. 56, 365 Mass. 824 (1974). The materials show that the Department of Public Welfare (department), through its referee at the hearings held pursuant to G. L. c. 18, § 16, erred in relying upon an invalid department regulation in denying the plaintiffs' applications for retroactive AFDC (Aid to Families with Dependent Children) payments for the period 1969 to 1973. That regulation, governing the treatment of AFDC recipients' work-related expenses, had been declared invalid under Federal law (42 U.S.C. § 602[a][7]) in consent decrees entered by the

---

[1] Mary Lou McCarthy *vs.* Department of Public Welfare.

United States District Court for the District of Massachusetts in a class action brought on behalf of a class of which the plaintiffs were members (docket no. 73-218-M). (The problem in these cases apparently arose because the department had amended its regulations to conform to the Federal court decrees only prospectively, leaving the invalid regulation unamended for the period 1969-1973.) Although the two Federal court decrees were apparently not made parts of the record in the department or Superior Court proceedings, it is clear that the judge had the decrees before him, and there is no dispute by the parties as to the contents of those decrees, copies of which have been provided to this court by both parties. The judgment is reversed, and the case is remanded to the Superior Court with a direction that it be remanded to the department for rehearing and reconsideration of the plaintiffs' applications without reliance on the invalid regulation. The department shall report its supplementary decision to the Superior Court, which shall retain jurisdiction and, after appropriate further proceedings, enter a new judgment.

*So ordered.*

*J. Paterson Rae* for the plaintiffs.
*Donald K. Stern,* Assistant Attorney General, for the defendant.